UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William Charles Graham, | Case No. 21-cv-246 (MJD/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| U.S. Marshal, et al., | |
| Respondents. | |

This action comes before the Court on Petitioner William Charles Graham's (1) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1 ("Petition"); (2) amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 4 ("Amended Petition"); and (3) Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 7 ("IFP Application"). For the following reasons, the Court observes that the Amended Petition is this action's operative pleading, recommends dismissing the Amended Petition, and recommends denying the IFP Application as moot.

**I.   BACKGROUND**

In July 2019, a grand jury in the U.S. District Court for the District of Minnesota indicted Graham on one count of interfering with commerce by robbery (under 18 U.S.C. §§ 2 and 1951) and one count of using, carrying, and brandishing a firearm during a crime of violence (under 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii)). *See* Indictment 1–2, *United States v. Graham*, No. 19-CR-0185(2) (SRN/KMM) (D. Minn. July 16, 2019).[1] After a September

---

[1] Citations to court filings use the page numbers generated by the Court's CM/ECF filing system. Most cited materials from Graham's criminal action were not provided to the Court. They are publicly available court filings, however, and a district court may take judicial notice of such records. *See, e.g.*, *Hodson v. United States*, No. 19-CV-2169

2020 bench trial, Judge Susan Richard Nelson found Graham guilty on both counts. *See* Docket, *United States v. Graham*, No. 19-CR-0185(2) (SRN/KMM) (D. Minn.) (reflecting bench trial) ("Criminal-Case Docket"); Ct. Minutes, *United States v. Graham*, No. 19-CR-0185(2) (SRN/KMM) (D. Minn. Oct. 2, 2020) (presenting verdict). Graham is presently scheduled for sentencing on June 3, 2021. *See, e.g.*, Not., *United States v. Graham*, No. 19-CR-0185(2) (SRN/KMM) (D. Minn. Feb. 23, 2021).

The Court received the Petition on January 28, 2021—after Graham's conviction, but before his sentencing. *See* Pet. 1. The Court received the Amended Petition on February 11, 2021. *See* Am. Pet. 1. The Amended Petition is similar to the original, but makes several minor textual changes and reorders the document's pages. *Compare* Original Pet. *with* Am. Pet. As discussed below, *see* Section II.A *infra*, the Amended Petition is this action's operative pleading.

Graham brings the Amended Petition under 28 U.S.C. § 2241. *See* Am. Pet. 1. It raises four arguments.

- First, Graham claims that a "Notice of Acceptance" he submitted in his criminal case "exhausted [his] only remedy made available by law" because he somehow "[a]ccept[ed] responsibility." *Id.* at 7.

- Second, he asserts that a "bond" he "posted" in his criminal case "discharg[ed] the bond behind the criminal prosecution." *Id.* This purportedly "remov[ed] all basis for continuing" because "the matter [was] discharged on the private side." *Id.*

- Third, Graham suggests that the proposition "[c]ontract makes the law" somehow applies to his criminal case, and that, under this "maxim," he has "established on the record and correctly notified the proper parties of [his] position as the living principal, creditor, and authorized representative." *Id.*

---

(PAM/ECW), 2021 WL 707894, at *1 (D. Minn. Feb. 2, 2021), *report and recommendation adopted*, 2021 WL 698776 (D. Minn. Feb. 23, 2021).

- Finally, Graham argues that an earlier transfer of him from state custody to federal custody was unconstitutional because authorities performed it without "lawful documentation." *Id.* at 8.

For relief, Graham asks for release from custody. *See id.* The Amended Petition is unclear, but as best as the Court can tell, Graham believes that the success of any of his four arguments would be enough to justify release. *See id.* at 7–8.

## II. ANALYSIS

### A. Operative Petition

Because Graham has filed two petitions, the Court will first resolve which one is operative here. Both of Graham's petitions are under 28 U.S.C. § 2241, and under the Rules Governing § 2254 Cases in the U.S. District Courts ("§ 2254 Rules"), district courts may apply the § 2254 Rules to § 2241 petitions. *See* § 2254 Rule 1(b). Under § 2254 Rule 12, "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." The Court thus applies the Federal Rules of Civil Procedure to determine this action's operative petition.

Under Federal Rule of Civil Procedure 15(a)(1)(A), in relevant part, "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it . . . ." The Amended Petition met this deadline, so it replaced the Original Petition "as a matter of course." The Amended Petition is thus this action's operative pleading.

### B. Standard for Graham's Arguments

As noted above, Graham filed this action after his conviction, but before sentencing. This raises two preliminary questions: (1) whether a § 2241 petition is the right vehicle to present Graham's arguments, and (2) how arguments here interact with Graham's ongoing criminal proceeding.

3

On the first question, the Court concludes that § 2241 is the appropriate vehicle. Critically, 28 U.S.C. § 2255—the other plausible candidate—applies to "prisoner[s] in custody under sentence" of a federal court. 28 U.S.C. § 2255(a). Graham has not been sentenced, so § 2255 is inapt. And given that Graham is claiming that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States," § 2241 seems to apply. *Id.* § 2241(c)(3).

This leaves how Graham's claims here should interact with arguments he makes (or has made) in his criminal case. The Court believes it relevant here how courts treat a slightly different question—how to treat a habeas petition filed by a pretrial detainee. A court in this district considered this precise point (indeed, in an earlier action brought by Graham) and explained that a pretrial detainee generally cannot use a habeas action to press arguments applicable to his or her pending criminal case:

> As another Court in this District has previously observed, "[f]ederal pre-trial detainees can obtain habeas review of pre-trial decisions only if they exhaust all other remedies." Furthermore, "[a] federal pre-trial detainee may not seek [§ 2241] relief if he or she has not sought direct review of his or her detention, or if the detainee still has the opportunity to raise those issues in the criminal proceedings." The justification for such rules is simple: "allowing courts to entertain habeas petitions from pre-trial detainees would be both inefficient and raise the risk of 'nearly simultaneous and potentially conflicting decisions[.]'"

*Graham v. U.S. Marshal*, No. 20-CV-1204 (WMW/LIB), 2020 WL 4060731, at *2 (D. Minn. June 29, 2020) (citations omitted; brackets in *Graham*), *report and recommendation adopted*, 2020 WL 4059889 (D. Minn. July 20, 2020), *aff'd*, No. 20-2586, 2020 WL 8299597 (8th Cir. Dec. 14, 2020).

Of course, Graham is no longer a *pretrial* detainee; he is now a *presentencing* detainee. In this Court's view, the distinction makes little difference: habeas petitions from

4

presentencing detainees can be similarly inefficient and can raise a similar risk of simultaneous and conflicting decisions. This Court will thus apply to the Amended Petition the same rules applicable to pretrial detainees' habeas petitions. That is, the Court will not entertain here any arguments that Graham failed to exhaust in his criminal proceeding.

### C.     Amended Petition Arguments

Applying this standard to the Amended Petition, the Court concludes that for all four Amended Petition arguments, either (1) this Court should not entertain a given argument because Graham did not exhaust it in his criminal action, or (2) even though Graham exhausted a given argument, the judges there properly rejected it.

- For Graham's "Notice of Acceptance" argument, the Court sees no indication that Graham pressed this argument in his criminal case. The Court thus concludes that Graham has not exhausted this argument in that proceeding; this Court therefore will not consider it.

- As for Graham's "bond" argument, he presented this argument to Judge Nelson, and she flatly rejected it. *See* Order 20, *United States v. Graham*, No. 19-CR-0185(2) (SRN/KMM) (D. Minn. Jan. 15, 2021) ("In his Motion for "Release without Consideration," Mr. Graham states that he has settled his 'account,' referencing a so-called 'Bond' that he filed in November 2020. Neither his motion, nor his 'bond,' provide any valid legal basis that supports his release."). This argument, then, is exhausted. But after reviewing the argument, it is apparent the claim is meritless. The Court thus denies Graham's Amended Petition as to this Ground.

- With respect to Graham's third argument—his claim based on the proposition that "[c]ontract makes the law"—this Court sees no evidence that Graham has presented this argument to Judge Nelson.[2]   The Court therefore concludes that Graham has not

---

[2] In the "supporting facts" for this argument, Graham cites certain documents from the criminal-case docket, including the bond related to the Amended Petition's second ground. *See* Am. Pet. 7. To the extent Graham's third Amended Petition ground hinges on his bond-related argument, the Court concludes that the argument may well be exhausted, but should be rejected for the same reasons that Judge Nelson rejected it.

5

    exhausted this argument in his criminal proceeding, and so this Court will not entertain it here.

- Turning to Graham's claim that his earlier transfer from state custody to federal custody was unconstitutional, it appears that Graham did present this argument in his criminal case. *See, e.g.*, Pl.'s Not. for Not. of Demand to Produce 2–3, *United States v. Graham*, No. 19-CR-0185(2) (SRN/KMM) (D. Minn. Jan. 27, 2020). But the argument there was rejected as part of a series of "meritless Sovereign Citizen arguments," and this Court finds that analysis persuasive. *See, e.g.*, Order 5–6, *United States v. Jackson*, No. 19-CR-0185(2) (SRN/KMM) (D. Minn. Feb. 10, 2020); *see also id.* at 4 & n.1 (providing further discussion of Graham's "Sovereign Citizen" beliefs). So while Graham has exhausted this argument, this Court agrees with the analysis that previously disposed of it. The Court therefore denies the Amended Petition as to its fourth ground.

In summary, the Court concludes that none of the Amended Petition's grounds justify giving Graham habeas relief. The Court thus recommends denying the Amended Petition.

### D. IFP Application

Given the Court's recommendation that the Amended Petition be denied, the Court further recommends that Graham's IFP Application be denied as moot.

### RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, this Court RECOMMENDS:

1. Petitioner William Charles Graham's amended Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 4, be **DENIED**.

2. Graham's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 7, be **DENIED** as moot.

Dated: April 2, 2021                                                            s/David T. Schultz
                                                                                           DAVID T. SCHULTZ
                                                                                           U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).